UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ANDREWS | ) |
| | ) |
| Plaintiff, | ) Case: 2:23-cv-02293 |
| | ) |
| v. | ) |
| | ) |
| MIDWEST FIBER RECYCLING | ) |
| and PEORIA MANPOWER, INC, | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Robert Andrews ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Midwest Fiber Recycling ("Midwest Fiber"), and Peoria Manpower, Inc., (collectively "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendants subjecting Plaintiff to sexual harassment, sex-based discrimination, and Defendants' retaliation against Plaintiff for engaging in protected activity under the Title VII.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.   Venue of this action properly lies in the Central District of Illinois, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operate and transact

business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Robert Andrews resides in Champaign County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Midwest Fiber Recycling is a corporation doing business in and for Champaign County whose address is 1201 East University Avenue Urbana, IL 61802.

9. At all times material to the allegations in this Complaint, Defendant, Peoria Manpower, Inc. is a corporation doing business in and for Peoria County whose address is 735 Main St, Peoria, IL 61602.

10. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendants have had at least fifteen

employees, have been an "employer" as defined by Title VII, and have been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. At all relevant times, Defendants, Peoria Manpower and Midwest Fiber have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## BACKGROUND FACTS

13. Plaintiff worked for Defendant, Midwest Fiber, as a production helper from May 15, 2023, through June 13, 2023.

14. Plaintiff was hired to work for Midwest Fiber through Defendant, Peoria Manpower, which is a staffing agency.

15. Since at least May 15, 2023 through June 13, 2023, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

16. On May 15, 2023, Plaintiff's truck driver colleague, Cornelius, shared explicit details about his sexual experiences.

17. Plaintiff expressed his discomfort and explicitly requested that Cornelius stop speaking to him about these experiences.

18. However, Cornelius continued describing, on an almost daily basis, explicit sexual acts performed by his wife, including graphic statements such as "she pulled my dick out and put it in her."

19. In June 2023, Plaintiff encountered Cornelius engaging in the abuse of controlled

substances.

20. On or about June 9, 2023, Plaintiff reported this incident and the prior incidents regarding Cornelius' explicit comments to his manager, Kristen.

21. Kirsten remarked that such behavior is acceptable within Defendant's work "family" and attempted to normalize the offensive comments that were made to the Plaintiff.

22. Defendants failed to address the Plaintiff's desire to avoid working with Cornelius.

23. On or about June 13, 2023, Plaintiff reported the entire situation to his staffing agency.

24. On the same day, Midwest Fiber, reached out to Plaintiff's staffing agency, Peoria Manpower, and placed him on standby

25. Plaintiff reported the multiple incidents of sexual harassment to the Human Resources department.

26. In retaliation, Plaintiff was terminated from his position with Defendant, Midwest Fiber.

27. Plaintiff met or exceeded Defendants' performance expectations during the entire duration of his employment.

28. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

29. Plaintiff reported the sexual harassment to Defendants.

30. Plaintiff was targeted for termination because of his sex and reporting of illegal activity.

31. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

32. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

33. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

34. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

35. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

36. Defendants knew or should have known of the harassment.

37. The sexual harassment was severe or pervasive.

38. The sexual harassment was offensive subjectively and objectively.

39. The sexual harassment was unwelcomed.

40. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, male.

41. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

42. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

43. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

44. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

45. Plaintiff met or exceeded performance expectations.

46. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

48. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

49. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

51. Plaintiff re-incorporates by this reference the allegations contained in all preceding

paragraphs of this Complaint as if more fully set forth herein.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

53. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

55. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

56. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. By virtue of the foregoing, Defendants retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of December.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*