IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-CV-02293 |
| | ) | |
| MIDWEST FIBER RECYCLING | ) | Hon. Eric I. Long |
| And PEORIA MANPOWER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

NOW COMES Defendant, PEORIA MANPOWER, INC. (hereinafter "Manpower"), by and through its attorneys, Stephen M. Buck and Samuel J. Perkins of Quinn Johnston, and for its Motion to Dismiss Plaintiff's Complaint, and its Memorandum in Support of said Motion, states as follows:

**I. Introduction**

Plaintiff, ROBERT ANDREWS ("Andrews"), filed his Complaint against Defendants Manpower and Midwest Fiber Recycling ("Midwest Fiber") on December 27, 2023. [Doc. 1] The Complaint attempts to plead various claims against Defendants Manpower and Midwest Fiber under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, et seq. (hereinafter "Title VII"). More specifically, Count I of the Complaint attempts to state a claim against both Defendants for alleged sexual harassment under Title VII, Count II attempts to state a claim against both Defendants for sexual discrimination under Title VII, and Count III attempts to state a claim against both Defendants for alleged retaliation under Title VII.  Defendant Manpower now moves for dismissal of Plaintiff's Complaint for failure to state a claim against Defendant Manpower pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. <u>Allegations of the Complaint</u>

Plaintiff Andrews alleges that he was an employee of both Defendants Manpower and Midwest Fiber, and that Defendants Manpower and Midwest Fiber were "joint employers" of the Plaintiff. [Doc. 1 at ¶10 and ¶12]  Defendant Midwest Fiber is a commercial and residential recycling company located in Urbana, Illinois,  and Defendant Manpower is a staffing agency with an office in Peoria, Illinois. [Doc. 1 at ¶8 and ¶9]  Under the heading of "Background Facts", Plaintiff alleges that he was hired to work for Midwest Fiber through Manpower, and that he worked at Midwest Fiber from May 15, 2023 through June 13, 2023.  [Doc. 1 at ¶¶13-14]  Thereafter, throughout the Complaint the Plaintiff pleads his claims generically against "Defendants" without making any attempt to distinguish or otherwise identify what specific offensive conduct was allegedly engaged in or committed by Defendant Manpower. [Doc. 1, pgs. 3 through 8]  Moreover, many of Plaintiff's allegations pled generically against the "Defendants" are nothing more than conclusory statements of the elements of Plaintiff's individual Title VII claims without alleging any specific facts in support of said statements. [Doc. 1, pgs. 3-7]

Although by no means an exhaustive list, some examples of Plaintiff's reliance on a formulaic recitation of the elements of his Title VII claims against the "Defendants" without any factual support can be found in the following paragraphs of the Complaint:

¶15:   ". . . Defendants have subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII."

¶25:   "Plaintiff reported the multiple incidents of sexual harassment to the Human Resources Department."

¶27:   "Plaintiff met or exceeded Defendants' performance expectations during the entire duration of his employment."

¶28: "Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights."

¶29: "Plaintiff reported the sexual harassment to Defendants."

¶32: "There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to."

¶33: Plaintiff can show that he engaged in statutorily protected activity – a necessary component of her (sic) retaliation claim – because Plaintiff lodged complaints directly to her (sic) manager about the harassment."

¶36: "Defendants knew or should have known of the harassment."

¶41: "Defendants acted in willful and reckless disregard of Plaintiff's protected rights."

¶44: ". . . Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act . . ."

¶53: "During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination."

[Doc. 1, ¶¶15, 25, 27, 28, 29, 32, 33, 36, 41, 44, and 53] Even the Plaintiff's prayer for relief fails to identify what relief or damages are sought against each Defendant, and instead continues to refer to generically to the "Defendants" without identifying the specific relief sought against each individual Defendant.

### III. Legal Standards on a Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Cole v. Milwaukee Area Tech. Coll. Dist., 634 F.3d 901, 903 (7th Cir. 2011); Thompson v. Ill. Dep't. of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Accordingly, a court may grant

3

a motion to dismiss under Rule 12(b)(6) where a complaint lacks enough facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A plaintiff's statement of the claim must give "fair notice" as to the nature of the claim and the grounds upon which it rests, and the factual allegations in the complaint must raise the claim above mere speculation. Twombly, 550 U.S. at 555. Moreover, although a complaint being attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the plaintiff is nonetheless obligated to plead the grounds for his request for relief beyond labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice to state a claim. Bonsetter v. City of Chicago, 811 F.3d 969, 973 (7th Cir. 2016)(citing Twombly, 550 U.S. at 555.

### IV. Argument

**A.  Plaintiff's Complaint Fails to Comply with the Pleading Requirements of Rules 8 and 10(b) of the Federal Rules of Civil Procedure.**

    **1.  Plaintiff's Failure to Comply with Rule 8.**

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to include a short and plain statement showing the pleader is entitled to relief against Defendant Manpower. See, Fed. R. Civ. P. (8)(a)(2). Plaintiff has structured his Complaint so as to recite a number of alleged "Background Facts" against the Defendants generally and collectively in paragraphs 13 to 33 of the Complaint, and then Plaintiff incorporates those vague and general allegations into each of Counts I, II and III. [Doc. 1, ¶34, ¶43, and ¶51] The result is that Plaintiff's Complaint primarily

4

recites a series of overly broad and generalized conclusions of fact directed toward the "Defendants" generally, while failing to identify any offensive conduct allegedly engaged in by Defendant Manpower.  More specifically, after alleging that Plaintiff was hired to work for Midwest Fiber through Manpower, along with a few allegations of sexually explicit statements made by his truck driving colleague (Cornelius) at Midwest Fiber, and his claim to have reported same to his Midwest Fiber manager (Kristen), the Complaint fails to point to the any specific actions or inactions allegedly taken by Defendant Manpower which give rise to Plaintiff's claims of sexual harassment, sex discrimination, and retaliation in violation in Counts I, II, and III. Beyond the general statement that Defendants Manpower and Midwest Fiber were "joint employers" [Doc. 1 at ¶12], the Complaint fails to include any specific or supporting factual allegations identifying any basis for liability on the part of Defendant Manpower, and instead relies on nothing more than a formulaic and conclusory recitation of the elements for his alleged Title VII causes of action for sexual harassment, sex discrimination, and retaliation.  By doing so, Plaintiff has failed to give Manpower "fair notice" of the basis for his claims for relief against it.

It must also be kept in mind that the allegation that Manpower was a "joint employer" with Midwest Fiber is itself insufficient to establish any liability on the part of Manpower.  In Whitaker v. Milwaukee County, Wisconsin, 772 F.Supp.3d 802, 811-812 (7th Cir. 2014), the Seventh Circuit agreed with the First and Eleventh Circuits in finding that the existence of a joint employer relationship does not by itself implicate vicarious liability, rather the finding of joint employers only affects each employer's liability to the employee for the employer's *own* actions, not for each other's actions.  See, Whitaker, 772 F.Supp.3d at 811-12 (emphasis in original)(citations omitted). The Court in Whitaker also looked to and cited with approval the EEOC Enforcement Guidelines as to the liability of temporary employment agency joint employers, which states that the staffing

5

agency is only liable for a claim of discrimination by an employee where it can be shown that the temporary employment agency knew or should have known about the discrimination engaged in by the co-employer and failed to take corrective measures. Id. (citing EEOC No. 915,002 Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and other Staffing Firms, at 2260 (1997)).

In short, to properly plead a claim against Defendant Manpower, the Plaintiff must include a short and plain statement of his entitlement to relief against Manpower, which is supported by factual allegations and not mere conclusions. Counts I, II and III of the Plaintiff's Complaint against Manpower contain nothing more than broad and generalized conclusions of fact and law, unsupported by any specific allegations of fact, which are insufficient to put Manpower on notice of what offensive conduct it is being accused of in this case. For these reasons alone, the Complaint should be dismissed as to Defendant Manpower.

    **2.**    **Plaintiff's Failure to Comply with Rule 10(b).**

Rule 10(b) of the Federal Rules of Civil Procedure provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense.

Despite Plaintiff's allegation in the Complaint that Defendants Manpower and Midwest Fiber are joint employers, as noted above neither Defendant may be found liable for the actions of the other, and it remains the obligation of the Plaintiff to state a claim for relief against each individual Defendant based solely that Defendant's *own* actions. See, Whitaker, 772 F.Supp.3d at 811-812. Quite simply, it seems unlikely that Defendant Manpower and Defendant Midwest Fiber would be liable to Plaintiff on the same underlying events or occurrences, particularly since neither Defendant can be liable for the actions of the other. To the contrary, there must be an independent

basis on which to find Defendant Manpower liable which is separate and apart from any conduct or occurrence which may give rise to liability on the part of Midwest Fiber. It seems only logical therefore that any claims the Plaintiff has against Defendant Manpower should be plead separately from any claims Plaintiff has against Midwest Fiber. The allegations in Counts I, II, and III of the Complaint fail to distinguish between the conduct, transactions or occurrences giving rise to the liability of each Defendant, and instead Plaintiff improperly relies upon a formulaic and conclusory recitation of the elements of the causes of action for sexual harassment, sex discrimination, and retaliation based on some mistaken joint employer liability theory.

Even to the extent that Plaintiff incorporates into each Count of the Complaint the allegations set forth in the "Background Facts" section of his Complaint, those "Background Facts" focus only upon the actions or inactions of Defendant Midwest Fiber to the extent they allege that Plaintiff was sexually harassed by his Midwest Fiber colleague Cornelius [Doc. 1 at ¶¶16-19], and that Plaintiff reported this offensive conduct to his Midwest Fiber Manager Kristen [Doc. 1 at ¶¶20-23]. After stating that he was terminated from Midwest Fiber in paragraph 26 of the Complaint, in the remaining allegations set out in the "Background Facts" portion of the Complaint the Plaintiff returns to his generalized and unspecific reference to the "Defendants" without identifying any action or inaction which might make Defendant Manpower liable to Plaintiff under Title VII. [Doc. 1 at ¶¶27 to 33] Once again these allegations fail to allege any claim against Defendant Manpower, and certainly fail to place Manpower on notice of what claims the Plaintiff believes he has against Manpower.

Although Rule 10(b) does allow a party to incorporate prior allegations made in a complaint by reference to the relevant paragraph number of the prior factual allegation, the manner in which Plaintiff has done so in this case amounts to impermissible "shotgun" pleading which

7

makes it difficult if not impossible to determine which alleged facts are intended to support the claims for relief against Manpower in Counts I, II, and III of the Complaint. See generally, Chriswell v. Village of Oak Lawn, 2013 WL 5903417 *5 (N.D. Ill 2013). More directly, one type of improper "shotgun pleading" is a complaint against multiple defendants which does not specify which of the defendants are responsible for any particular acts or omissions. A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 943 (D. Or. 2020). See also, Douglas v. Alfasigma USA, Inc., 2021 WL 2473790 *9 (N.D. Ill. 2021)(Inartful clumping can create confusion when, for example, it is unclear what allegations apply to which defendants). Where a court finds that a complaint suffers from a lack of clarity as to which allegations apply to a particular defendant, the court may dismiss the complaint and direct the Plaintiff to replead the claim to comply with the separate count requirement of Rule 10(b). Mishra v. Tandon, 2013 WL 887681 *3 (N.D. Ill. 2013).

In this case, the Plaintiff has directed each of his Counts of the Complaint against the "Defendants" without any attempt to distinguish between the actions or inactions of each individual Defendant. To the extent that Plaintiff has incorporated his slightly more specific and factual allegations from the "Background Facts" into each of Counts I, II, and III, those allegations focus only upon specific actions/inactions of Midwest Fiber through its truck driver Cornelius and its Manager Kristen, and lacks again any specific reference to alleged offensive or improper conduct on the part of Defendant Manpower. The end result is an inartful and confusing blend of general conclusions of fact and law, combined with a few specific allegations of misconduct against Midwest Fiber, which fail in their entirety to allege or otherwise give notice of any specific conduct on the part of Manpower which gives rise to Plaintiff's claims of discrimination and retaliation under Title VII.

Quite simply, it is impossible to determine from the Complaint what conduct on the part of Manpower supports the conclusory assertions that Manpower knew or should have known of any harassment, sex discrimination, or retaliation against the Plaintiff prior to Midwest Fiber contacting Manpower and asking that Plaintiff be removed from his placement with Midwest Fiber and placed on standby. There are specific facts pled that Plaintiff complained of harassment and retaliation to Midwest Fiber Manager Kristen, but not a single allegation that any report was made to Manpower prior to the date on which Midwest Fiber had Plaintiff placed on standby and removed from his assignment to it. Likewise, there are no allegations of how Manpower allegedly treated Plaintiff less favorably, or even retaliated against him for engaging in any protected activity (including no specific, factually supported allegation that Manpower was even aware that Plaintiff allegedly engaged in any protected activity).

Because of the lack of clarity created by the manner in which Plaintiff has attempted to blend his claims against Defendant Manpower and Defendant Midwest Fiber, resulting in no specific allegations of fact being alleged against Manpower, Counts I, II and III of the Plaintiff's Complaint should be dismissed as to Defendant Manpower.

**B.      Rule 12(e) Motion for a More Definite Statement**

In the alternative, Manpower asks that this Court order that Plaintiff provide a more definite statement of his claims against Defendant Manpower before Manpower is required to file a responsive pleading pursuant to Fed. R. Civ. P. 12(e), which provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

9

Fed. R. Civ. P. 12(e). Plaintiff's Complaint does not include or allege any factual support for Plaintiff's claims of sexual harassment (Count I), sex discrimination (Count II), and retaliation (Count III) against Manpower, nor does the Complaint plead any factual basis in support of the conclusory allegations that Defendant Manpower knew of the alleged sexual harassment or sex discrimination before Plaintiff was removed/terminated from his assignment with Midwest Fiber (nor does it allege that Manpower terminated his employment or otherwise took any adverse employment action against him). Similarly, there is no factual allegation to support the conclusion that any sexual harassment was reported to Manpower prior to Plaintiff's removal at the request of Midwest Fiber, or that Manpower had any knowledge of alleged protected activity on the part of Plaintiff.

Based on the above, to the extent that the Court denies its Motion to Dismiss Plaintiff's Complaint, Defendant Manpower asks that this Court enter an Order requiring Plaintiff to provide a more definite statement of the actions or inactions allegedly committed by Manpower, and which form the basis for Plaintiff's claims for relief against Manpower for alleged sexual harassment, sex discrimination, and retaliation, so that Manpower can reasonably prepare a responsive pleading.

### V. Conclusion

WHEREFORE, the Defendant, PEORIA MANPOWER, INC., respectfully request that this Court enter an Order granting their Motion to Dismiss Plaintiff's Complaint, or in the alternative, grant their Motion for a More Definite Statement.

PEORIA MANPOWER, INC., Defendants

By: *s/ Stephen M. Buck*
      QUINN JOHNSTON

Stephen M. Buck (Bar Number 6209958)
Samuel J. Perkins (Bar Number 6321283)
QUINN JOHNSTON
227 N.E. Jefferson Street
Peoria, IL  61602
Telephone: (309) 674-1133
Facsimile: (309) 674-6503
E-mail: sbuck@quinnjohnston.com
        sperkins@quinnjohnston.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)(4)

I hereby certify that this Motion to Dismiss Plaintiff's Complaint or in the Alternative for a More Definite Statement complies with the page and type limitations of local Rule 7.1(B)(4) in that it consists of 3,292 words as computed using the word count function of Microsoft Word, which is fewer than the 7000 word limit.

*s/ Stephen M. Buck*

<u>PROOF OF SERVICE</u>

      The undersigned certifies that on February 15, 2024, a copy of the forgoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Plaintiff's Counsel:**
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Email: *atayylor@sulaimanlaw.com*

**Counsel for Defendant Midwest Fiber Recycling:**
Brian M. Smith
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
301 North Neil Street, Suite 505
Champaign, IL 61820
Telephone 217.344.0060
Email: *bsmith@heylroyster.com*

                                      *s/ Stephen M. Buck*
                                 Stephen M. Buck, QUINN JOHNSTON

4893-4570-3077, v. 1